**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**NOTICE OF HEARING SESSION**

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION: **March 26, 2020**

LOCATION OF HEARING SESSION:  Estes Kefauver Federal Building and
   United States Courthouse
Courtroom A859, 8th Floor
801 Broadway
Nashville, Tennessee  37203

TIME OF HEARING SESSION:  In those matters designated for oral argument, counsel presenting oral argument must be present at **8:00 a.m.** in order for the Panel to allocate the amount of time for oral argument.  Oral argument will commence at **9:30 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2.  Any party waiving oral argument pursuant to Rule 11.1(d) need not attend the Hearing Session.
- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not attend the Hearing Session.

ORAL ARGUMENT:

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument.  The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.  Any change in position should be conveyed to Panel staff before the beginning of oral argument.  Where an attorney thereafter advocates a position different from that conveyed to Panel staff, the Panel may reduce the allotted argument time and decline to hear further from that attorney.

- 2 -

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 2, 2020.** The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

                                  FOR THE PANEL:

                                  John W. Nichols
                                  Clerk of the Panel

cc: Clerk, United States District Court for the Middle District of Tennessee

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 26, 2020, the Panel will convene a hearing session in Nashville, Tennessee, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that the Panel will hear oral argument on the matters listed on Section A of the attached Schedule, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

| | |
|---|---|
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | Nathaniel M. Gorton |
| Matthew F. Kennelly | David C. Norton |

SCHEDULE OF MATTERS FOR HEARING SESSION
March 26, 2020 -- Nashville, Tennessee

SECTION A
MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2929 – **IN RE: PREVAGEN PRODUCTS MARKETING AND SALES PRACTICES LITIGATION (NO. II)**

Motion of defendants Quincy Bioscience Holding Company, Inc.; Quincy Bioscience, LLC; Prevagen, Inc. d/b/a Sugar River Supplements; Quincy Bioscience Manufacturing, LLC; Mark Underwood; and Michael Beaman to transfer the following actions to the United States District Court for the Southern District of New York:

 Southern District of Florida

COLLINS v. QUINCY BIOSCIENCE, LLC, C.A. No. 1:19-22864

 Southern District of New York

SPATH v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
 C.A. No. 1:19-03521
VANDERWERFF v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
 C.A. No. 1:19-07582
KARATHANOS v. QUINCY BIOSCIENCE HOLDING COMPANY, INC., ET AL.,
 C.A. No. 1:19-08023

 Western District of Texas

ENGERT, ET AL. v. QUINCY BIOSCIENCE, LLC, C.A. No. 1:19-00183

MDL No. 2930 – **IN RE: ENTRESTO (SACUBITRIL/VALSARTAN) PATENT LITIGATION**

    Motion of plaintiff Novartis Pharmaceuticals Corporation to transfer the following actions to the United States District Court for the District of Delaware:

    District of Delaware

NOVARTIS PHARMACEUTICALS CORPORATION v. ALKEM LABORATORIES
   LTD., ET AL., C.A. No. 1:19‑01979
NOVARTIS PHARMACEUTICALS CORPORATION v. ALEMBIC
   PHARMACEUTICALS LIMITED, ET AL., C.A. No. 1:19‑02021
NOVARTIS PHARMACEUTICALS CORPORATION v. DR. REDDY'S
   LABORATORIES, INC., ET AL., C.A. No. 1:19‑02053

    Northern District of West Virginia

NOVARTIS PHARMACEUTICALS CORPORATION v. MYLAN
   PHARMACEUTICALS, INC., ET AL., C.A. No. 1:19‑00201

MDL No. 2931 – **IN RE: DELTA DENTAL ANTITRUST LITIGATION**

    Motion of plaintiffs Robert S. Dolgow D.D.S., P.A.; B. Kyle Benton, D.D.S. P.A.; Kaufman & Kaufman Smile Design Studio LLC; Legacy Dental Associates P.C.; Dr. Rick Lindley, DDS, FICD; Dr. Steven P. Dultz DMD; Simon and Simon, PC.; Tooth Town Pediatric Dentistry, PLLC; Mary M. Fisher, DDS, P.C.; Bemus Point Dental, LLC; Rittenhouse Smiles, P.C.; Timothy C. Verharen, D.D.S.; and Drs. DelMonico and Trocchio, Ltd., to transfer the following actions to the United States District Court for the Northern District of Illinois:

    Southern District of Florida

OBENG v. DELTA DENTAL PLANS ASSOCIATION, ET AL., C.A. No. 1:19‑25072

    Northern District of Illinois

IN RE DELTA DENTAL ANTITRUST LITIGATION, C.A. No. 1:19‑06734
B. KYLE BENTON, P.A. v. DELTA DENTAL INSURANCE COMPANY, ET AL.,
   C.A. No. 1:19‑06739
KAUFMAN & KAUFMAN SMILE DESIGN STUDIO LLC v. DELTA DENTAL
   INSURANCE COMPANY, ET AL., C.A. No. 1:19‑06743
LEGACY DENTAL ASSOCIATES, P.C. v. DELTA DENTAL INSURANCE
   COMPANY, ET AL., C.A. No. 1:19‑06744

DR. RICK LINDLEY, DDS, FICD v. DELTA DENTAL INSURANCE COMPANY,
   ET AL., C.A. No. 1:19−06747
DULTZ v. DELTA DENTAL INSURANCE CO., ET AL., C.A. No. 1:19−06758
SIMON AND SIMON, PC v. DELTA DENTAL PLANS ASSOCIATION, ET AL.,
   C.A. No. 1:19−06776
MARY M. FISHER, DDS, P.C. v. DELTA DENTAL INSURANCE COMPANY,
   ET AL., C.A. No. 1:19−07090
TOOTH TOWN PEDIATRIC DENTISTRY, PLLC v. DELTA DENTAL INSURANCE
   COMPANY, ET AL., C.A. No. 1:19−07279
BEMUS POINT DENTAL, LLC v. DELTA DENTAL INSURANCE COMPANY,
   ET AL., C.A. No. 1:19−07362
RITTENHOUSE SMILES, P.C. v. DELTA DENTAL INSURANCE COMPANY,
   ET AL., C.A. No. 1:19−07395
AMERICAN DENTAL ASSOCIATION, ET AL. v. DELTA DENTAL INSURANCE
   COMPANY, ET AL., C.A. No. 1:19−07808

   Southern District of Mississippi

DICKEY v. DELTA DENTAL PLANS ASSOCIATION, ET AL., C.A. No. 3:19−00910

MDL No. 2932 – **IN RE: WELLS FARGO MORTGAGE MODIFICATION LITIGATION**

   Motion of plaintiffs Monty Coordes, et al., to transfer the following actions to the United States District Court for the Northern District of California or, in the alternative, the United States District Court for the Eastern District of Washington:

   Northern District of California

HERNANDEZ v. WELLS FARGO BANK, N.A., C.A. No. 3:18−07354

   Eastern District of Kentucky

WEST, ET AL. v. WELLS FARGO BANK, N.A., C.A. No. 5:19−00286

   District of New Jersey

VAN BRUNT v. WELLS FARGO BANK, N.A., C.A. No. 3:19−00170
DUNCAN v. WELLS FARGO BANK, N.A., C.A. No. 3:19−00172

   Southern District of New York

LIGUORI, JR., ET AL. v. WELLS FARGO BANK, N.A., C.A. No. 7:19−10677

    <u>Southern District of Ohio</u>

RYDER, ET AL. v. WELLS FARGO BANK N.A., C.A. No. 1:19−00638

    <u>Western District of Pennsylvania</u>

DORE v. WELLS FARGO BANK, C.A. No. 2:19−01601

    <u>Eastern District of Washington</u>

COORDES, ET AL. v. WELLS FARGO BANK NA, C.A. No. 2:19−00052

MDL No. 2933 − **IN RE: TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,**
    **FAIR CREDIT REPORTING ACT (FCRA) LITIGATION**

    Motion of defendants TransUnion Rental Screening Solutions, Inc., and Trans Union LLC to transfer the following actions to the United States District Court for the Northern District of Georgia:

    <u>Central District of California</u>

LEWIS v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
   C.A. No. 2:20−00531
ROBINSON v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
   C.A. No. 8:19−01994

    <u>Northern District of Georgia</u>

HALL v. TRANSUNION RENTAL SCREENING SOLUTIONS, INC.,
   C.A. No. 1:18−05141

    <u>Eastern District of Pennsylvania</u>

MCINTYRE v. TRANSUNION, LLC, ET AL., C.A. No. 2:18−03865

    <u>Eastern District of Virginia</u>

FRANCIS v. TRANSUNION RENTAL SCREENING SOLUTIONS, LLC,
   C.A. No. 1:19−01185
HECTOR v. TRANS UNION RENTAL SCREENING SOLUTIONS, INC.,
   C.A. No. 3:19−00790

MDL No. 2934 – **IN RE: JOEL SNIDER LITIGATION**

Motion of plaintiff Joel Snider to transfer the following actions to a single United States district court:

<u>Middle District of Pennsylvania</u>

SNIDER v. PENNSYLVANIA DEPT. OF CORRECTIONS, ET AL.,
   C.A. No. 4:15‒00951
SNIDER v. MCKEEHAN, ET AL., C.A. No. 4:18‒00801

<u>Western District of Pennsylvania</u>

SNIDER v. WITTIG, ET AL., C.A. No. 2:18‒00703
SNIDER v. GILMORE, ET AL., C.A. No. 2:18‒00735

MDL No. 2935 - **IN RE: ALEXSAM, INC., ('608 & '787) PATENT AND CONTRACT LITIGATION**

Motion of plaintiff AlexSam, Inc., to transfer the following actions to the United States District Court for the Eastern District of Texas:

<u>Northern District of California</u>

ALEXSAM, INC. v. WAGEWORKS, INC., C.A. No. 3:19‒04538

<u>District of Connecticut</u>

ALEXSAM, INC. v. AETNA INC., C.A. No. 3:19‒01025

<u>Eastern District of New York</u>

ALEXSAM, INC. v. MASTERCARD INTERNATIONAL INCORPORATED,
   C.A. No. 1:15‒02799

<u>Eastern District of Texas</u>

ALEXSAM, INC. v. SIMON PROPERTY GROUP (TEXAS), L.P.,
   C.A. No. 2:19‒00331

<u>District of Utah</u>

ALEXSAM v. HEALTHEQUITY, C.A. No. 2:19‒00445

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2244 – **IN RE: DEPUY ORTHOPAEDICS, INC., PINNACLE HIP IMPLANT PRODUCTS LIABILITY LITIGATION**

    Opposition of plaintiff Edward Vroman to transfer of the following action to the United States District Court for the Northern District of Texas:

    District of Massachusetts

    VROMAN v. DJD MEDICAL, INC., ET AL., C.A. No. 1:19‒12314

MDL No. 2591 – **IN RE: SYNGENTA AG MIR162 CORN LITIGATION**

    Motion of defendants Syngenta Corporation; Syngenta Crop Protection, LLC; and Syngenta Seeds, LLC, to transfer the following action to the United States District Court for the District of Kansas:

    District of Minnesota

    HEARTLAND CORN PRODUCTS v. SYNGENTA SEEDS, LLC, ET AL.,
      C.A. No. 0:19‒03060

MDL No. 2606 – **IN RE: BENICAR (OLMESARTAN) PRODUCTS LIABILITY LITIGATION**

    Motion of defendants Daiichi Sanyko, Inc., and Daiichi Sanyko US Holdings, Inc., to transfer the following action to the United States District Court for the District of New Jersey:

    Western District of Oklahoma

    HANDLEY, ET AL. v. DAIICHI SANKYO, INC., ET AL., C.A. No. 5:20‒00067

MDL No. 2627 -- **IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Omran Chaudhary, et al., to transfer of the following action to the United States District Court for the Eastern District of Virginia:

Eastern District of New York

CHAUDHARY, ET AL. v. LUMBER LIQUIDATOR, INC., ET AL., C.A. No. 1:19-05812

MDL No. 2734 -- **IN RE: ABILIFY (ARIPIPRAZOLE) PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Robert Charles Estelle to transfer of the following action to the United States District Court for the Northern District of Florida:

District of Minnesota

ESTELLE v. BRISTOL-MYERS SQUIBB COMPANY, ET AL., C.A. No. 0:20-00354

MDL No. 2738 -- **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiffs Tammy Weaver, et al., to transfer of the following action to the United States District Court for the District of New Jersey:

Northern District of Georgia

WEAVER, ET AL. v. JOHNSON & JOHNSON, ET AL., C.A. No. 1:20-00261

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs and defendants The Iowa Clinic, P.C.; Thomas Hansen, M.D.; and Pier Osweiler, ARNP, to transfer of their respective following actions to the United States District Court for the Northern District of Ohio and motion of plaintiff Ronald Bass, Sr., to transfer the *Bass* action to the United States District Court for the Northern District of Ohio:

Central District of California

CITY OF FULLERTON, ET AL. v. CEPHALON, INC., ET AL., C.A. No. 8:19−02235

Southern District of Iowa

DEPENNING, ET AL. v. THE IOWA CLINIC, P.C., ET AL., C.A. No. 4:19−00386

Northern District of Mississippi

CITY OF HOLLY SPRINGS v. PURDUE PHARMA L.P., ET AL.,
   C.A. No. 3:19−00287

Southern District of Mississippi

SINGING RIVER HEALTH SYSTEM, ET AL. v. GRACE, ET AL.,
   C.A. No. 1:19−00937

Eastern District of Missouri

CLINTON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03169
PIKE COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03170
RAY COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03300
VERNON COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:19−03302
LAWRENCE COUNTY, MISSOURI v. ALLERGAN PLC, ET AL.,
   C.A. No. 4:20−00076
HENRY COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20−00077

District of New Jersey

BASS v. PURDUE PHARMA L.P., ET AL., C.A. No. 2:19−19709

District of New Mexico

CITY OF SANTA FE v. PURDUE PHARMA L.P., ET AL., C.A. No. 1:19−01105
CITY OF ALBUQUERQUE v. TEVA PHARMACEUTICALS USA, INC., ET AL.,
   C.A. No. 1:19−01168

District of Nevada

CITY OF HENDERSON v. WALGREENS BOOTS ALLIANCE, INC., ET AL.,
 C.A. No. 2:19‑02145

Eastern District of Oklahoma

COAL COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE PHARMA,
 LP, ET AL., C.A. No. 6:19‑00405

Western District of Oklahoma

JACKSON COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
 PHARMA LP, ET AL., C.A. No. 5:19‑01108
LINCOLN COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
 PHARMA LP, ET AL., C.A. No. 5:19‑01109
WOODWARD COUNTY BOARD OF COUNTY COMMISSIONERS v. PURDUE
 PHARMA LP, ET AL., C.A. No. 5:19‑01110
BOARD OF COUNTY COMMISSIONERS OF NOBLE COUNTY v. PURDUE
 PHARMA LP, ET AL., C.A. No. 5:19‑01127

Southern District of Texas

DALLAS COUNTY HOSPITAL DISTRICT – PARKLAND MEMORIAL HOSPITAL,
 ET AL. v. AMNEAL PHARMACEUTICALS, INC., ET AL., C.A. No. 4:19‑04834

Eastern District of Virginia

ISLE OF WIGHT COUNTY v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 2:20‑00042
NORTHAMPTON COUNTY, v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 2:20‑00043
KING AND QUEEN COUNTY, v. MALLINCKRODT, PLC, ET AL.,
 C.A. No. 3:20‑00037

Western District of Virginia

CITY OF BUENA VISTA, VIRGINIA v. MALLINCKRODT PLC, ET AL.,
 C.A. No. 6:20‑00005

MDL No. 2833 – **IN RE: FEDLOAN STUDENT LOAN SERVICING LITIGATION**

Motion of Plaintiff's Co-Lead Counsel and Executive Committee Members in MDL No. 2833 to transfer the following actions to the United States District Court for Eastern District of Pennsylvania:

    District of District of Columbia

WEINGARTEN, ET AL. v. DEVOS, ET AL., C.A. No. 1:19−02056

    District of Utah

CHRISTENSEN, ET AL. v. DEVOS, ET AL., C.A. No. 2:19−00509

MDL No. 2873 – **IN RE: AQUEOUS FILM−FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Thomas F. Kovach to transfer of the *Kovach* action to the United States District Court for the District of South Carolina and motion of defendants E. I. DuPont de Nemours and Company and The Chemours Company to transfer the eight actions pending in United States District Court for the Eastern District of New York to the United States District Court for the District of South Carolina:

    Eastern District of New York

WATER AUTHORITY OF WESTERN NASSAU COUNTY v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04608
PORT WASHINGTON WATER DISTRICT v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04609
INCORPORATED VILLAGE OF MINEOLA v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04610
CARLE PLACE WATER DISTRICT v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04611
INCORPORATED VILLAGE OF GARDEN CITY v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04612
ROSLYN WATER DISTRICT v. THE 3M COMPANY, ET AL., C.A. No. 2:19−04613
WATER AUTHORITY OF GREAT NECK NORTH v. THE 3M COMPANY, ET AL., C.A. No. 2:19−06613
GARDEN CITY PARK FIRE AND WATER DISTRICT v. THE 3M COMPANY, ET AL., C.A. No. 2:19−06615

    Southern District of New York

KOVACH v. UNITED STATES OF AMERICA, ET AL., C.A. No. 7:19−07065

MDL No. 2875 – **IN RE: VALSARTAN, LOSARTAN, AND IRBESARTAN PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Rashida Bokhari and defendant Legacy Pharmaceutical Packaging, LLC to transfer of their respective following actions to the United States District Court for the District of New Jersey:

Northern District of California

BOKHARI v. TORRENT PHARMACEUTICALS LIMITED, ET AL., C.A. No. 4:19‒08045

Eastern District of Michigan

GARRISON v. CAMBER PHARMACEUTICALS, INC., ET AL., C.A. No. 5:19‒12536

MDL No. 2885 – **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Christopher Graves to transfer of the following action to the United States District Court for the Northern District of Florida:

District of Minnesota

GRAVES v. 3M COMPANY, ET AL., C.A. No. 0:19‒03094

MDL No. 2913 – **IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs Tammy Lewis and Tyler Eisenhauer and defendants Evolv, LLC, and Axiocore Corporation d/b/a Yogi E Liquid to transfer of their respective following actions to the United States District Court for the Northern District of California:

Northern District of Illinois

LEWIS v. JUUL LABS, INC., C.A. No. 1:19‒07787

Eastern District of Pennsylvania

EISENHAUER v. JUUL LABS, INC., ET AL., C.A. No. 2:20‒00343

Western District of Texas

LINDSTROM v. JUUL LABS, INC., ET AL., C.A. No. 1:20‒00057

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

(a) <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

(b) <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

    (i) The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

(c) <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

    (i) the dispositive issue(s) have been authoritatively decided; or
    (ii) the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

(d) <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

    (i) Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
    (ii) The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

(e) <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.1

(f) <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.